UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SKYE SISOMBATH,

        Plaintiff,

v.                                        Case No. 8:20-cv-1042-T-KKM-SPF

KILOLO KIJAKAZI,[1]
Acting Commissioner of the
Social Security Administration,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). Because the Administrative Law Judge's ("ALJ") decision fails to discuss Plaintiff's severe impairments of syncope, orthostatic hypotension, and focal seizure disorder, the Court is unable to determine whether the ALJ considered the limiting effects of these severe impairments on Plaintiff's residual functional capacity. As a result, it is recommended that the Commissioner's decision be reversed, and the matter remanded for further consideration.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

# I.

## A.     Procedural Background

Plaintiff filed applications for a period of disability, DIB, and SSI (Tr. 392, 399). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 215-225, 226-239, 251-269, 270-288). Plaintiff then requested an administrative hearing (Tr. 153-54). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 191-214). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 24-32). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 2-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, originally claimed disability beginning September 20, 2011 (Tr. 24), however she amended her onset date to May 13, 2014 at the administrative hearing (Tr. 26, 195). Plaintiff attended two years of college (Tr. 415). Plaintiff's past relevant work experience included work as a pharmaceutical operator, manager, assistant manager, and resident manager (Tr. 204, 415, 480). Plaintiff alleged disability due to spinal stenosis, nerve problems, memory problems, scoliosis, bulging discs, and degenerative disc disease (Tr. 215-16).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity since May 13, 2014, the amended alleged onset date (Tr. 26).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, orthostatic hypotension, focal seizure disorder, status post-concussion, and syncope (Tr. 26).   Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 28).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), with the following additional limitations:  no climbing of ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no exposure to vibrating machinery or hazardous machinery (Tr. 28).   In formulating Plaintiff's RFC, the ALJ indicated he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence and considered opinion evidence in accordance with the applicable regulations (Tr. 28).

Considering Plaintiff's noted impairments and the testimony of the vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work as a manager, an assistant manager, and a residential manager (Tr. 31).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled from May 13, 2014 through the date of the decision (February 1, 2019) (Tr. 31).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R.

§§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  See 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff challenges the ALJ's decision on one ground.  Plaintiff contends that despite finding her syncope, orthostatic hypotension, and focal seizure disorder constituted severe impairments at step two, the ALJ failed to discuss these impairments and how they affect her RFC.[2]  She asserts that the labeling of her syncope, orthostatic hypotension, and focal seizure disorder as severe impairments and not explaining any corresponding impact on her RFC warrants reversal.

"A claimant's RFC is 'that which [the claimant] is still able to do despite the limitations caused by … her impairments.'"  *Raduc v. Comm'r of Soc. Sec.*, 380 Fed. App'x 896, 898 (11th Cir. 2010) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)).  In making the RFC determination, the ALJ must consider all the record evidence, including evidence of non-severe impairments.  *Id.*  Here, the ALJ determined that Plaintiff has multiple severe impairments, including syncope, orthostatic hypotension, and focal seizure disorder.  By definition, a severe impairment is one that limits significantly a claimant's ability to do basic work activities.  *Raduc*, 380 Fed. App'x at 898 (citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).  In rendering his RFC

---

[2] Syncope is the medical term for fainting or passing out.  It is caused by a temporary drop in the amount of blood that flows to the brain. my.clevelandclinc.org/health/diseases/17536-syncope.  Orthostatic hypotension is a condition in which your blood pressure quickly drops when you stand up from a sitting position.  This low blood pressure (also called postural hypotension) can make you feel dizzy or faint.  My.clevelandclinic.org/health/diseases/9385-low-blood-pressure-orthostatic-hypotension.  Focal seizures begin in one area of the brain but can become more generalized or spread to other areas.  A person does not lose consciousness during a simple focal seizure. Hopkinsmedicine.org/health/conditions-and-diseases/epilepsy/focal-seizures.

determination, the ALJ discussed Plaintiff's degenerative disc disease of the cervical and lumbar spine, explaining the limitations related to these severe impairments and discounting some of Plaintiff's allegations as unsupported (Tr. 29-30).  The ALJ discussed Plaintiff's allegations of worsening back and neck pain, inability to sit for long periods, and pain and numbness in her left hand and wrist, then determined her related postural and manipulative limitations (Tr. 29-30).

The ALJ, however, failed to discuss how the remaining severe impairments (syncope, orthostatic hypotension, and focal seizure disorder) might affect Plaintiff's RFC and her ability to perform the job duties of her past relevant work.  It is problematic when an ALJ finds an impairment severe at step two then fails to articulate the claimant's significant limitations from that impairment or to reasonably explain to what extent the claimant can work despite the limitations.  *See Raduc*, 380 F. App'x at 898 (remand needed where ALJ failed to address the limitations caused by the claimant's irritable bowel syndrome, a condition the ALJ found severe at step two); *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, *5 (M.D. Fla. Sept. 22, 2021) ("The ALJ found migraines were a severe impairment at step two.  So, the ALJ needed to articulate what [claimant's] significant limitations were from that impairment, or if there were not any such limitations, state that the headaches were a non-severe impairment.  The [ALJ] cannot have it both ways.") (quotations omitted).  In the case at bar, the ALJ did not discuss whether Plaintiff experienced any limitations related to her syncope, orthostatic hypotension, and/or focal seizure disorder (impairments he found severe at step two).  Although the ALJ mentioned Plaintiff's allegations of "frequent headaches and even

spells of dizziness in the past" (Tr. 29), he failed to articulate whether he found these allegations supported by the record, and if so, whether they were related to Plaintiff's syncope, orthostatic hypotension, and/or focal seizure disorder and how they impacted Plaintiff's RFC.

The Court should not be left to "speculate about the functional impact of Plaintiff's severe impairments or whether such was fairly a part of the RFC assessment made by the ALJ." *Nance,* at *5 (quoting *Towner v. Astrue,* No. 8:11-cv-2258-T-30TBM, 2012 WL 6699627, *6 (M.D. Fla. Dec. 5, 2012), *report and recommendation adopted,* 2012 WL 6699617 (M.D. Fla. Dec. 26, 2012)).  Because the ALJ failed to meaningfully conduct the proper legal analysis concerning how Plaintiff's syncope, orthostatic hypotension, and focal seizure disorder limit her ability to work,[3] substantial evidence does not support the ALJ's RFC finding.  As a result, remand is warranted.  *See Raduc,* 380 Fed. App'x at 899 (finding remand required where ALJ failed to discuss the effect of claimant's irritable bowel syndrome on her RFC as ALJ's decision failed to provide reviewing court with sufficient reasoning for determining that the proper legal analysis had been conducted).

---

[3] Plaintiff also asserts that the ALJ erred in formulating her RFC by failing to consider limitations caused by her brain atrophy (a condition the ALJ did not find severe at step two).  The Commissioner states that the evidence Plaintiff identified does not establish functional limitations, and points to medical evidence from 2017 that reveals Plaintiff's fainting had resolved and her EEG and brain MRI reports were normal (Tr. 861, 865). Because the ALJ will be reassessing Plaintiff's RFC, however, it is recommended that the ALJ consider Plaintiff's alleged brain atrophy and any resulting limitations.

**IV**.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1.  The decision of the Commissioner be reversed, and the case remanded to the Commissioner for further consideration in accordance with this opinion.

2.  The Clerk be directed to enter final judgment in favor of Plaintiff and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on this 14th day of January 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.